Filing # 70427177 E-Filed 04/09/2018 01:56:58 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

TISHA MANNING, on behalf of herself
and on behalf of all others
similarly situated,

      Plaintiff,

v.

ADVANCED CARE SCRIPTS, INC.,

      Defendant.
_____/

CASE NO.:

DIVISION:

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TISHA MANNING ("Plaintiff"), by and through undersigned counsel, and on behalf of herself, the Putative Class set forth below, as well as in the public interest, brings the following Class Action as of right against Defendant, ADVANCED CARE SCRIPTS, INC. ("Defendant") under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### PRELIMINARY STATEMENT

1. Defendant ADVANCED CARE SCRIPTS, INC. owns and operates a pharmacy business in Orlando, Florida

2. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective and current employees, and frequently relies on such information, in whole or in part, as a basis for taking adverse employment action, such as termination of employment, reduction in working hours, demotion, failure to hire, and failure to promote.

3. While the use of consumer report information for employment purposes is not per se unlawful, it is subject to strict disclosure and authorization requirements under the FCRA.

4. Defendant willfully violated these requirements, thereby systematically violating Plaintiff's rights and the rights of other putative class members. Specifically, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports for Plaintiff and other putative class members without proper authorization.

5. Based on the foregoing violations, Plaintiff asserts her FCRA claims against Defendant on behalf of herself and a putative class consisting of Defendant's employees and prospective employees.

6. Plaintiff asserts her FCRA claims under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii), on behalf of a "Improper Authorization Class," consisting of all of Defendant's employees and prospective employees in the United States who were the subject of a consumer report that was procured by Defendant within five years of the filing of this complaint through the date of final judgment in this action, and who did not authorize the procurement of the report in writing, as required under 15 U.S.C. § 1681b(b)(2)(A).

7. On behalf of herself and the Putative Class identified above, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

8. Individual and representative Plaintiff TISHA MANNING ("Plaintiff") lives in Kissimmee, Osceola County, Florida. Plaintiff is a former employee of Defendant, and is also a member of the Putative Class as defined below.

9. Plaintiff is a "consumer" as protected and governed by the FCRA.

10. Defendant maintains corporate headquarters in Orlando, Florida and employed Plaintiff in this judicial district.

## JURISDICTION AND VENUE

11. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs for violations of the FCRA.

12. Venue is proper in this judicial district because the majority of events that give rise to this claim occurred in this judicial district.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

### *Background Checks*

13. Defendant conducts background checks on the majority of its prospective employees as part of a standard screening process. In addition, Defendant also conducts background checks on its current employees from time to time during the course of their employment.

14. Defendant does not perform these background checks in-house. Rather, Defendant relies on various outside consumer reporting firms to obtain this information, and return the corresponding reports to Defendant. These reports are "consumer reports" within the meaning of the FCRA.

### *FCRA Violations Relating to Background Check Class*

15. Defendant procured consumer report information on Plaintiff in violation of the FCRA.

16. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be

>> procured, ***in a document that consists solely of the disclosure*** that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized the procurement of the consumer report in writing (which authorization may be made on the document referred to in clause (i)).

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

17. Defendant failed to satisfy these unambiguous authorization requirements.

18. Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer report information on prospective or current employees without complying with the disclosure and authorization requirements of the FCRA.

## ALLEGATIONS SPECIFIC TO PLAINTIFF

24. In November 2016, Plaintiff applied for a position with Defendant in Orlando, Florida.

25. After reviewing Plaintiff's qualifications, Defendant offered Plaintiff the position for which she had applied.

26. Defendant told Plaintiff that its offer of employment was subject to the completion of a background check.

27. In November 2016, Defendant procured a consumer report on Plaintiff by using the services of a third-party vendor.

28. Following Defendant's procurement of the consumer report, Plaintiff began her employment with Defendant.

29. In January 2018, Defendant told Plaintiff that it needed to obtain a more extensive background check on Plaintiff.

30. Defendant did not obtain additional authorization by Plaintiff before procuring another consumer report on Plaintiff.

31. Plaintiff did not authorize the procurement of unlimited consumer reports by Defendant.

32. By failing to obtain Plaintiff's authorization, Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the FCRA.

## CLASS ACTION ALLEGATIONS

33. Plaintiff assert a claim under Count 1 of this Complaint on behalf of a Putative Improper Authorization Class defined as follows:

**Improper Authorization Class:** All of Defendant's employees and prospective employees in the United States against who were the subject of a consumer report that was procured by Defendant within five years of the filing of this complaint through the date of final judgment in this action, and who did not authorize the procurement of the report in writing, as required under 15 U.S.C. § 1681b(b)(2)(A).

34. **Numerosity**: The members of the Putative Class are so numerous that joinder of all Class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and current employees, and frequently relies on such information, in whole or in part, as a basis for taking adverse employment action. Plaintiff is informed and believes that during the relevant time period, of Defendant's employees and prospective employees satisfy the definition of the Putative Class.

35. **Typicality**: Plaintiff's claims are typical of those of the members of the Putative Class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff in a manner consistent with its treatment of other Putative Class members under its standard policies

and practices.

36. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

37. **Commonality**: Common questions of law and fact exist as to all members of the Putative Class, and predominate over any questions solely affecting individual members of the Putative Class. These common questions include, but are not limited to:

   a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

   b. Whether Defendant's background check practices and/or procedures comply with the FCRA;

   c. Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

   d. Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

   e. Whether Defendant's violations of the FCRA were willful;

   f. The proper measure of statutory damages; and

   g. The proper form of injunctive and declaratory relief.

38. This case is maintainable as a class action under Fla. R. Civ. P. 1.220(b)(1), because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

39. This case is also maintainable as a class action under Fla. R. Civ. P. 1.220(b)(2), because Defendant has acted or refused to act on grounds that apply generally to the Putative

Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

40. Class certification is also appropriate under Fla. R. Civ. P. 1.220(b)(3), because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

41. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 1.220 of the Florida Rules of Civil Procedure. The names and addresses of the Putative Class members are readily available from Defendant's records.

## FIRST CLAIM FOR RELIEF

### Failure to Obtain Proper Authorization in Violation of FCRA 15 U.S.C. § 1681b(b)(2)(A)(ii)

42. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

43. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff

and other Improper Authorization Class members without proper authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

44. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Improper Authorization Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well established in both the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained, or had available to it, substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer would know of, or could easily discover, the FCRA's mandates.

45. Plaintiff and the Improper Authorization Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

46. Plaintiff and the Improper Authorization are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

47. *WHEREFORE*, Plaintiff, on behalf of herself and the Putative Class, prays for relief as follows:

- A. Determining that this action may proceed as a class action under Rule 1.220(b)(1), and (2) and (3) of the Florida Rules of Civil Procedure;
- B. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;
- C. Issuing proper notice to the Putative Class at Defendant's expense;
- D. Declaring that Defendant committed multiple, separate violations of the FCRA;

E. Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

F. Awarding statutory damages as provided by the FCRA, including punitive damages;

G. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

H. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

In accordance with Rule 1.220(b) of the Florida Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury for all issues so triable.

Dated this 9th day of April, 2018.

Respectfully submitted,

*/s/ Luis A. Cabassa*

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**